LOUIS STERNE, Contestant, v. CHARLES OFF, Incumbent, Appellant.

**Municipal corporations:** SPECIAL CHARTER CITY: CONTESTED ELECTION: APPEAL. Under the statutes an appeal may be taken to the district court from the action of the city council of a special charter city in determining a contested right to the office of mayor. And in this case neither a provision of the charter providing that the council shall act as judges of the election returns and of the qualifications of its own members, nor an ordinance of the city providing that the council shall constitute the tribunal before which an election contest shall be had, and that its action in the premises shall be final, abrogates the statutes.

*Appeal from Lee District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, OCTOBER 26, 1910.

AN action to determine the right to the office of mayor of Keokuk. The plaintiff appealed from the decision of the city council, and the defendant's motion to dismiss the appeal was overruled by the district court. The defendant appeals.—*Affirmed.*

*J. E. Craig* and *A. T. Marshall,* for appellant.

*D. F. Miller* and *Hazen I. Sawyer,* for appellee.

SHERWIN, J.—The one question presented by this appeal is whether an appeal to the district court may be taken from the decision of the city council determining the right to the office of mayor. The city of Keokuk is operating under a special charter, which provides as follows:

That the qualified electors of the said city shall, on the first Monday in April, Anno Domini, eighteen hundred and forty-nine, and annually on the same day thereafter, elect a mayor, who shall have resided in said city one year; and the qualified electors of said city shall at the same time elect six aldermen, who shall have resided in said city one year; and the mayor and aldermen so elected, when assembled together and duly organized, shall constitute the city council, a majority of whom will be necessary to constitute a quorum for the transaction of business. They shall be the judges of election returns and qualifications of their own members, and shall continue in office for the term of one year, and until their successors shall be chosen and qualified.

Ordinances of the city provide that

The city council shall be the judge of the election returns and qualifications of its members and shall determine contested elections, subject to the limitation contained in the chapter hereof on election and appointment of officers. The election of any city officer may be contested by any person eligible to said office, and the procedure shall be in accordance with the law of the state of Iowa then in force regulating the mode of contesting the election of county officers, so far as the same may be applicable: Provided, nevertheless, that the city council shall be the tribunal before which said contest shall be had, unless the election of more than a quorum of said council shall be contested, in which event the old or retiring council shall constitute a board to determine said contest, whose decision shall be final.

The appellant contends that the charter of the city and its ordinances confer upon the city council the exclusive power to determine election contests affecting its own members. If the quoted part of the charter and ordinances were alone to be considered in determining the question, there would be much force in the argument of the appellant and in the authorities cited in support thereof. But there are certain provisions of the statute which in our

judgment control the matter and sustain the ruling of the trial court. Keokuk's charter was granted in 1848, but section 1055 of the Code provides: "All general acts and parts of acts passed prior to the taking effect of this Code relating to cities acting under special charters are hereby repealed except so far as the same are contained in this chapter or referred to herein. But the charters of the said cities, or any provisions of same, are not hereby repealed, but shall continue in force and effect as changed or modified by the provisions of this chapter." It is manifest, therefore, that, if the Legislature has enacted any laws governing elections and election contests in special charter cities, such enactments supersede or modify the powers granted to the city by its charter. Chapter 14 of title 5 of the Code relates to cities under special charters, and section 936 of said chapter provides that: "All elections held in such cities shall be governed by the general election law." It will be noticed that special reference to contested elections is not made in said section. Its terms are general, and hence its application is general. Title 6 of the Code governs elections to office, contests, etc., and it may fairly be said that section 936 was intended to place elections and election contests in special chartered cities fully under the provisions of said title 6 so far as the same might be applied to city elections. But the Legislature went a step farther, and provided in section 1076 of the Code, which is a part of title 6, that "the provisions of this title shall apply to cities acting under special charters with like effect as though said cities were acting under the general incorporation laws of the state." This language is broad, and undoubtedly places special chartered cities on the same footing with cities acting under the general incorporation laws, in so far as title 6 applies to any city. Section 1250 of the Code, a part of title 6, provides that the provisions of chapter 7, which fully provides for contesting the election of state and

county officers in relation to contested elections of county officers, shall be applicable, as near as may be, to contested elections for other offices. It will be recalled, also, that the ordinances of the city make practically the same provision. And finally, section 1222, chapter 7, title 6, Code, expressly provides for an appeal to the district court. These provisions of the statute clearly sustain the ruling of the learned trial judge in sustaining the right of appeal from the decision of the city council.

In our judgment, the section of the ordinance quoted, which says that the decision of the council shall be final, was not intended to and does not apply to the action of the council when considering an ordinary contest. It was evidently intended to meet a peculiar condition and to prevent a retrial of contests by the parties interested in them, and was not intended as a denial of the right of appeal to the district court. The appellant relies upon *Ex parte Strahl,* 16 Iowa, 369, and the *State v. Funck,* 17 Iowa, 365, as supporting his contention, but neither case does so in fact. In the former the only question determined was that the council of a city could hear and determine election contests for municipal offices. The question of an appeal from the decision of a city council was not discussed or determined, and in the *Funck* case, it was held that the power of the city council to judge of the election and qualification of one of its members did not bar proceedings in the district court on an information filed under the provisions of chapter 151 of the Revision of 1860 which were similar to our present *quo warranto* proceedings. The decisions of other courts, based upon different statutes, or without the aid of any statute, furnish us but little assistance in construing our own statute. The judgment of the trial court is right, and it is *affirmed.*